IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>JIMMIE DOSS,<br><br>       Plaintiff,<br><br>    v.<br><br>COUNTY RECORDER'S OFFICE OF<br>CONTRA COSTA COUNTY, D. WEBBER,<br>COUNTY CLERK,<br><br>       Defendants.</td><td>Case No.: C 13-3845 CW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE<br>TO AMEND AND DIRECTING COURT<br>CLERK TO PROVIDE PLAINTIFF WITH<br>BLANK CIVIL RIGHTS FORM</td></tr>
</table>

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Corcoran State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by the Contra Costa County Recorder's Office and D. Webber, County Clerk.  His motion for leave to proceed in forma pauperis is granted in a separate order.

DISCUSSION

I. Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id.

§ 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  Lemire v. Cal. Dept. Corrections & Rehabilitation, __ F.3d __, 2013 WL 4007558, *8 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Leer, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  Lemire, 2013 WL 4007558, *8.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal

connection between the supervisor's wrongful conduct and the constitutional violation.  Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)).  It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations.  Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012)

II. Plaintiff's Allegations

Plaintiff alleges that, in December 2007, Defendants assisted an individual named Amos Joe Jones in the theft of real property from Plaintiff by way of fraud and/or a lack of knowledge of the procedural protocols required by law and policy as the custodian of public records.[1]  Plaintiff alleges that Defendants allowed Mr. Jones to file a fraudulent deed to Plaintiff's real property that Mr. Jones claimed Plaintiff had signed without requiring an "affidavit" or a notarized signature to prove that Plaintiff had agreed to transfer the property.  Plaintiff asserts that Defendants' participation in filing the fraudulent document without utilizing procedural protocol or policy deprived him of his property without due process of law.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest.  Memphis Light, Gas & Water Div. v.

_____

[1] Plaintiff filed an earlier § 1983 action against Mr. Jones, Doss v. Jones, C 13-1905 CW (PR), that was dismissed because private individuals do not act under color of state law and, thus, Mr. Jones could not be sued under § 1983.

United States District Court
For the Northern District of California

Craft, 436 U.S. 1, 19 (1978).  Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however.  Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation remedy.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process.  Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim).  Parratt does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures.  Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001); Armendariz v. Penman, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant

4

grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc).  In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case.'" Logan, 455 U.S. at 437.

Here, Plaintiff alleges that Defendants failed to follow proper procedures.  Thus, his allegations fall under Parratt because the alleged action was random and unauthorized.  Furthermore, Plaintiff may bring a state claim for negligence against the proper Defendants, thus satisfying the requirement for an adequate state post-deprivation remedy.  Therefore, his allegations fail to state a due process claim.

Plaintiff's allegations fail for another reason.  As discussed above, there is no vicarious or supervisory liability under § 1983.  Plaintiff names the County Recorder's Office and the County Clerk as Defendants, not the specific employee who allegedly was negligent in filing Mr. Jones' document.  Therefore, Plaintiff's complaint fails to name a proper Defendant.

Accordingly, Plaintiff's complaint is DISMISSED for failure to state a cognizable claim for relief.  He may file an amended complaint, if he truthfully can allege that the fraudulent document was filed pursuant to a policy or procedure and clearly links a proper Defendant to the alleged injury for which he or she is alleged to be responsible.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint is DISMISSED.

2.   Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint in order to cure the

deficiencies noted above.

Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 13-3845 CW (PR), and the heading "AMENDED COMPLAINT."

If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.

3.   It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4.   The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

Dated: 10/3/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE